PEARSON, MJ.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | ) | |
|---|---|---|
| KIM HAMMAD, | ) | CASE NO. 1:07 CV 2765 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| | ) | |
| | ) | |
| MICHAEL J. ASTRUE | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER OF REMAND** |

This is an action for judicial review of the final decision of the Commissioner of Social Security Administration partially denying Plaintiff Kim Hammad's applications for Supplemental Security Income and Disability Insurance Benefits (collectively "benefits").[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge.

For the reasons detailed herein, the Court remands the matter pursuant to sentence six of Title 42 United States Code § 405(g) for proceedings consistent with this opinion.

**I. Overview**

Hammad alleges that she has been disabled due to back pain since the 18th of September,

---

[1] Hammad applied for benefits alleging a disability onset date of September 18, 2003. She was awarded benefits effective January 13, 2006. The issue, therefore, is whether Hammad was disabled from September 18, 2003 until January 13, 2006.

(1:07 CV 2765)

2003. The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found Hammad disabled as of January 13, 2006 and awarded her benefits as of that date. Convinced that evidence that was not presented at the time of her hearing before the ALJ demonstrates that her disability dates back to September 18, 2003, Hammad has appealed the delayed disability start date. Hammad seeks a sentence six remand urging that the new evidence, coupled with the testimony of a medical expert, establishes a reasonable probability that the ALJ will find that she has been disabled since September 18, 2003.

After extensive briefing and oral argument, the Court finds, without intimating a view on how these issues should be decided, that there is also a reasonable probability that the additional medical evidence produced by Hammad could support a finding that Hammad's disability dates back to September 18, 2003.

## II. Procedural History

Hammad initially applied for benefits on September 29, 2003 alleging a disability onset of September 18, 2003. Her claims were denied initially and upon reconsideration. At her request, the matter was heard by an ALJ on September 15, 2004. Hammad, her counsel and a vocational expert appeared. A medical expert was not involved.

The ALJ found that Hammad had severe impairments, including degenerative disc and joint disease of the lumbrosacral spine and major depressive disorder. (Tr. 18.) Regarding Hammad's residual functional capacity, the ALJ found that Hammad can do the following:

> Perform a limited range of work at the light level of exertion. Specifically, she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can sit for at least 6 hours during an 8-hour workday. She can stand/walk at least 6 hours during an 8-hour workday with a sit/stand option such that she can change positions at will from

(1:07 CV 2765)

> either being on her feet to sitting or from sitting to being on her feet; during these position changes, she remains at the workstation. She cannot use foot controls with either foot. She cannot climb any ladders, ropes, or scaffolds. She can perform all other postural maneuvers on an occasional basis. She cannot work around unprotected heights. She cannot work around hazards. She cannot drive for work purposes.

(Tr. 19.) The ALJ found that Hammad could not perform her past relevant work as a nurse's aide. (Tr. 25.) The ALJ ultimately "conclud[ed] that [Hammad] was not disabled prior to January 13, 2006, but became disabled on that date and has continued to be disabled through the date of" the ALJ's decision, April 16, 2007. (Tr. 16-17.) Hammad claims that her disability onset date is September 18, 2003, approximately twenty-eight months earlier than that found by the ALJ.

Hammad appealed to the Appeals Council which denied review on October 10, 2007. Hammad timely filed a Complaint with this Court seeking a sentence six remand ordering the ALJ to consider new and material evidence and requiring the ALJ to call a medical expert to assist in interpreting the "complicated" medical record. In response to the Court's orders, the parties also briefed and argued the justification, or lack thereof, for a sentence four remand.[2]

### III. Law and Analysis

Hammad submitted the following additional evidence after the final Agency decision was issued and asks that it be considered on a sentence six remand:

---

[2] Plaintiff, foreshadowed that she would seek a remand pursuant to sentence four of 42 U.S.C. § 405(g) if her bid for a sentence six remand was not successful. *See* ECF No. 19 at 1. In the interest of judicial economy, the Court ordered the parties to supplement their briefs to address the "alternative remed[y]" of a sentence four remand and set the matter for oral argument. *See* Order, ECF No. 22. Based upon the Court's ruling herein, Hammad's motion for a remand pursuant to sentence four is moot.

(1:07 CV 2765)

    1. Progress notes by board certified diagnostic radiologist David I. Rosenblum dated June 19, 2007, ECF No. 16, Ex. A;

    2. MRI of lumbar spine taken on July 16, 1998 (viewed by Dr. Rosenblum on June 19, 2007), ECF No. 16, Ex. B;

    3. Treatment note of Dr. Jeremy Schwartz dated July 30, 1998, ECF No. 16, Ex. C;

    4. Discharge note from MetroHealth Medical Center dated April 29, 2007, ECF No. 16, Ex. D; and

    5. Article, Julian Freedman, MD, *From the Horse's Mouth Recognizing When Listings for Disorders of the Spine and Colitis & Arthritis are Met and Cross - Examining Medical Experts,* NOSSCR Social Security Disability Law Conference Material, Spring 2005, 711-724, ECF No. 16, Ex. E.

To justify a remand under the sixth sentence of 42 U.S.C. § 405(g) based on evidence not before the ALJ at the time of decision, three prerequisites must exist. The additional evidence must be "new" and "material," and "good cause" must exist for the failure to present the evidence to the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Id.* (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)). All of the additional evidence offered technically existed at the time the ALJ issued her decision with the exception of Dr. Rosenblum's progress notes which were created approximately two months later.[3] Hammad argues, that although in existence, the evidence was not *available* until Dr. Rosenblum analyzed it. The analysis occurred *after* the ALJ had issued her decision. As Hammad aptly describes, "neither the [Social Security Administration] nor Ms. Hammad knew

---

    [3] Although Dr. Rosenblum's notes existed at the time Hammad appealed to the Appeals Council, Hammad did not submit them.

(1:07 CV 2765)

that said records . . . would reflect upon her current condition until Dr. Rosenblum, a MetroHealth physician, accessed those same records from MetroHealth charts[]and reviewed them in [July 2007]" three months afer the ALJ's decision had been issued. ECF No. 16 at 4. Hammad further provides that "[a]lthough Dr. Rosenblum reviewed Ms. Hammad's prior MRIs a few days before the Appeal Council's decision on [July 27, 2007], it was not possible to obtain the results of Dr. Rosenblum's review in time to submit them to the Appeals Council." ECF No. 16 at 4-5. These arguments are well taken. Thus, the Court finds that Hammad meets the first criterion of presenting "new" evidence.

For good cause to exist, there must be a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988). Good cause exists for the non-production of the evidence here for several reasons. First, the ALJ made it clear that she would not consider records prior to Hammad's alleged onset date of September 18, 2003. (Tr. 973.) Dr. Rosenblum's evaluation appears to be the only one that consider Hammad's entire medical history, including that period preceding her alleged onset date of September 18, 2003. Finally, Dr. Rosenblum's omnibus evaluation did not occur until three months after the ALJ's decision had been rendered. Therefore, Hammad meets the criterion of having good cause or a reasonable justification for not presenting this information to the ALJ.

The dispositive criterion for remand on the facts here is materiality. Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.*

(1:07 CV 2765)

On the facts of this case, materiality presents a close question. As the Commissioner argues, "[i]n order to meet Listing 1.04 because of arachnoiditis, a claimant must not only provide acceptable evidence to show arachnoiditis, but the arachnoiditis must result in compromise of a nerve root (including the cauda equina) or the spinal cord, and must manifest by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 1.04B (emphasis added)." ECF No. 18 at 9-10 (internal emphasis omitted). Dr. Rosenblum's report alone or, in combination with the additional evidence offered by Hammad, may not suffice to establish that her arachnoiditis met the required severity. The Court is comfortable leaving that important determination in the capable hands of the ALJ.

Dr. Rosenblum's opinion, the other additional evidence listed above, and the medical evidence previously in the record may prove that Hammad's condition, as it existed on September 18, 2003, was more severe than the ALJ suspected at the time of her ruling. Accordingly, the Court finds that there is a reasonable probability that Dr. Rosenblum's opinion along with the other related "new" evidence presented (listed above) could support a finding that Hammad was disabled as of September 18, 2003 through January 13, 2006, the only time frame remaining at issue. The Court concludes that the additional evidence presented warrants a remand under the sixth sentence of 42 U.S.C. § 405(g).

The ALJ did a thorough and conscientious job in preparing her findings in this case. Nevertheless, balancing the ALJ's discretion to determine whether the testimony of a medical expert is necessary against the complexity of the diagnoses of arachnoiditis and the resultant

-6-

(1:07 CV 2765)

determination of its disabling effects, the Court finds that this case is one in which the ALJ may be substantially aided by a medical expert to assist in the determination of whether *all* of the evidence justifies a different disability onset date.

## IV.  Conclusion

Based on the foregoing analysis, the Court concludes that the additional evidence submitted by Hammad justifies a remand under the sixth sentence of 42 U.S.C. § 405(g).  This case is hereby remanded to the Commissioner for reconsideration of the date on which Hammad's disability began based on the additional evidence presented in addition to that previously available to the Commissioner.  Upon remand, the ALJ is ordered to employ the assistance of a medical expert.  After considering all of the additional evidence, the ALJ shall modify or affirm her findings of fact or her decision, or both.


      IT IS SO ORDERED.


Dated: March 13, 2009                                             s/ Benita Y. Pearson
                                                                  United States Magistrate Judge